## CIRCUIT COURT OF FAIRFAX COUNTY

Howard W. O'Neil, III

v.

Volkswagen-Springfield, Inc., et al.

July 6, 1998

Case No. (Law) 166829

BY JUDGE JANE MARUM ROUSH

This matter is before the Court on the demurrers of defendants Volkswagen-Springfield, Inc. (the "Dealer") and VW Credit, Inc. ("VCI") (collectively "defendants"), and a Motion Craving Oyer filed by VCI. Defendants argue that plaintiff Howard W. O'Neill, III, has failed to plead a prima facie case of fraud, breach of contract, conversion, and other statutory violations in his Motion for Judgment. After considering the arguments of counsel both in writing and orally, the Court sustains in part and denies in part the Dealer's demurrer and sustains in part and denies in part VCI's demurrer. The Motion Craving Oyer is granted.

### I. *Background*

According to the Motion for Judgment, O'Neil entered into an agreement with the Dealer to lease a 1997 VW Jetta. As part of the transaction, O'Neil agreed to "trade in" his own vehicle, a 1996 Honda, and the Dealer agreed to assume the remaining payments due on a loan secured by a lien on the 1996 Honda. Before the lease was signed, the Dealer assured O'Neil that his credit was adequate. Approximately one month after the contract was executed, the Dealer notified O'Neil that his credit had not been approved by VCI. At that point, the Dealer demanded the return of the Jetta, or in the alternative,

negotiation of a different deal. By this time, the Dealer had sold the Honda to a third party, and neither the Dealer nor the purchaser made any payments on the trade-in. Subsequently, O'Neil regained possession of the Honda; however, O'Neil was forced to make two payments on the Honda while it was in the Dealer's and/or the purchaser's possession.

The Motion for Judgment alleges the following causes of action:

Count I: Consumer Fraud, Violation of § 59.1-200(2) (against the Dealer);

Count II: Consumer Fraud, Violation of § 59.1-200(3) (against the Dealer);

Count III: Consumer Fraud, Violation of § 59.1-200(11) (against the Dealer);

Count IV: Consumer Fraud, Violation of § 59.1-200(14) (against the Dealer);

Count V: Conversion and Trover (against the Dealer);

Count VI: Breach of Contract (against the Dealer);

Count VII: Intentional Fraud (against the Dealer);

Count VIII: Breach of Contract (against VCI);

Count IX: Fraud (against VCI);

Count X: Violation of Consumer Lease Act (against VCI).

Defendants demurred to each of the counts, except Count VIII, the breach of contract claim against VCI.

## II. *Dealer's Demurrer*

### A. *Counts I to IV*

The Dealer demurs to Counts I through IV of the Motion for Judgment, which allege violations of the Virginia Consumer Protection Act, Code §§ 59.1-200(2), (3), (11), and (14). Virginia Code § 59.1-200 provides that certain "fraudulent acts or practices committed by a supplier in connection with a consumer transaction" are unlawful, including: (1) "Misrepresenting the source, sponsorship, approval, or certification of goods or services," Code § 59.1-200(2); (2) "Misrepresenting the affiliation, connection or association of the supplier, or of the goods or services, with another," Code § 59.1-200(3); (3) "Misrepresenting by the use of any written or documentary material which appears to be an invoice or bill for merchandise or services previously ordered," Code § 59.1-200(11); (4) "Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction," Code § 59.1-200(14).

The Court concludes that the Plaintiff has adequately pleaded his causes of action under Counts I, II, and IV. The demurrer to those Counts will be overruled.

Count III alleges a violation of Va. Code § 59.1-200(11). That section prohibits "[m]isrepresenting by the use of any written or documentary material which appears to be an invoice or bill for services previously ordered." The Motion for Judgment alleges that the lease itself contained false statements. ¶ 15. The lease cannot be reasonably interpreted to be "documentary material which appears to be an invoice or bill for merchandise or services previously ordered." Accordingly, the demurrer to Count III will be sustained, without leave to amend.

## B. *Count V*

The Count concludes that the Plaintiff has adequately pleaded his cause of action for trover and conversion in Count V. The Dealer's demurrer to that Count will be overruled.

## C. *Count VI*

The Dealer demurs to Count VI of the Motion for Judgment, alleging a breach of contract. The Dealer argues that the damages alleged by O'Neil in the Motion for Judgment "must be part and parcel" of the contract itself or within the contemplation of the parties at the time the contract was made. The Dealer asserts that O'Neil's purported damages, including the difference between the contract price and the price of obtaining a similar lease, along with certain consequential damages, were never contemplated by the parties.

The Court concludes that O'Neil has sufficiently pleaded a cause of action for breach of contract against the Dealer. Ordinarily, the quantum of compensatory damages claimed by the plaintiff in a motion for judgment is not properly the subject of a demurrer. It is a matter for proof at trial. Accordingly, the Dealer's demurrer to Count VI will be overruled.

## D. *Count VII*

The Court concludes that the Plaintiff has adequately pleaded his cause of action for common law fraud against the Dealer in Count VII. The Dealer's demurrer to that Count will be overruled. Whether the facts justify an award of punitive damages is an issue for trial.

### III. *VCI's Demurrer*

#### A. *Count IX*

VCI demurs to Count IX, in which the Plaintiff alleges that VCI "ratified, condoned and approved" of the allegedly fraudulent acts of the Dealer. The conclusory allegations of Count IX are insufficient to withstand VCI's demurrer. The demurrer to Count IX is sustained, with leave granted to Plaintiff to amend the motion for judgment to plead *facts* which, if proven, would demonstrate that VCI participated in the Dealer's allegedly fraudulent acts.

#### B. *Count X*

Count X alleges a violation by VCI of the Federal Consumer Lease Act ("FCLA"), specifically, 15 U.S.C. § 1667(a)(11), which provides that a lessor shall set forth "a statement of the conditions under which the lessee or lessor may terminate the lease prior to the end of the term" in a "clear and conspicuous manner." O'Neil contends that VCI failed to comply with this statutory provision.

VCI argues that the facts set forth in the Motion for Judgment do not bring the lease under the requirements of the FCLA. VCI further contends that it simply denied O'Neil's credit and that it never was a party to, nor did it ever terminate, the lease executed by O'Neil and the Dealer. Accordingly, VCI asserts that it cannot be liable for a violation of the FCLA under these facts. The Court disagrees.

The FCLA provides that "[e]ach lessor shall give a lessee prior to the consummation of the lease a dated written statement on which the lessor and lessee are identified setting out accurately and in a clear and conspicuous manner [certain] information ... ." 15 U.S.C. § 1667(a). The Motion for Judgment states that the lease was assigned to VCI upon its execution by the Dealer and O'Neil. Upon such assignment, VCI assumed all rights and liabilities of the Dealer under the lease. Accordingly, VCI may be liable for violation of the FCLA based upon the failure to provide adequate notice of its termination rights under the lease. The Court concludes that O'Neil has alleged sufficient facts to support a claim that VCI violated the FCLA, and the demurrer to Count X is overruled.

## IV. *VCI's Motion Craving Oyer*

VCI's Motion Craving Oyer, asking that O'Neil be required to produce a legible copy of the lease, will be granted.

## V. *Conclusion*

In sum, the Court sustains the Dealer's demurrer with respect to Count III and overrules the Dealer's demurrer to Counts I, II, IV, V, VI, and VII. The Court sustains VCI's demurrer to Count IX and overrules the demurrer to Count X. VCI's Motion Craving Oyer will be granted.